Order Filed on November 20, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**ANDRE LADIKA,**<br><br>       Debtor. | Case No.:  23-18387<br>Chapter:   13<br>Judge:    John K. Sherwood |
| **ANDRE LADIKA AND LUISA LADIKA**<br>       Plaintiffs,<br>  v.<br>**STATE OF NEW JERSEY, et al.,**<br>       Defendants. | Adv. Pro. No.:  24-1142 |

### **DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS**

The relief on the following page, numbered two (2), is hereby ORDERED.

**DATED: November 20, 2024**

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:        Andre Ladika
Case No.:      24-1142
Caption:       **DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS**

**WHEREAS:**

1. This matter is before the Court upon the motion of defendants, the Superior Court of New Jersey, the State of New Jersey, and the New Jersey Judiciary, to dismiss the Complaint. [ECF No. 5]. The Court has considered the motion, the response filed by the *pro se* plaintiffs [ECF No. 8], and a reply letter brief submitted on behalf of the defendants [ECF 9]. The parties have been notified that the defendants' motion to dismiss will be decided on the papers.

2. On November 6, 2024, the Court entered a decision granting summary judgment in favor of the Bank of New York in another adversary proceeding brought by the plaintiffs in this case, Mr. and Mrs. Ladika. [Adv. No. 24-1064, ECF No. 44]. In that decision, which is fully incorporated herein, the Court upheld the proof of claim filed by Bank of New York in Mr. Ladika's bankruptcy case and refused to reconsider a foreclosure judgment dated February 6, 2023 in favor of Bank of New York against Mr. and Mrs. Ladika. Among other things, the Court relied on the Rooker-Feldman Doctrine, the Entire Controversy Doctrine and res judicata. This adversary proceeding is a rehash of the plaintiffs' claims against Bank of New York which the Court has already denied. The only difference here is that the plaintiffs seek relief against the State, its courts, and its judges for entering a foreclosure judgment that allegedly violated their civil rights.

3. The Court agrees with and incorporates the arguments set forth in the defendants' motion to dismiss and reply letter brief. [ECF Nos. 5 and 9]. If the plaintiffs believed that their civil rights were violated by the entry of the foreclosure judgment in State Court, they had the right to appeal. It appears that an appeal of the foreclosure judgment was pending when Mr. Ladika filed this bankruptcy case. [S*ee* ECF No. 9, p.1]. Obviously, Mr. and Mrs. Ladika believe that the foreclosure judgment entered against them was improper. Their recourse is to seek appellate review of the foreclosure judgment in the State Court system, not to come to Bankruptcy Court and pursue an "appeal like" lawsuit. Finally, the doctrine of sovereign immunity has been applied in bankruptcy cases to protect states and their instrumentalities from claims asserted against them by debtors. Under Section 106 of the Code, Congress abrogated sovereign immunity in certain instances. Section 106(a)(1) lists sections of title 11 with respect to which sovereign immunity is abrogated. The Court finds that none of the sections listed in Section 106(a)(1) apply in this matter, and therefore, the State is immune from plaintiffs' claims. *See* 2 *Collier on Bankruptcy* ¶ 106.01.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss the Complaint is granted and this adversary proceeding is dismissed.